**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| Peter M. Vella, | : |
|                         Plaintiff, | : Civil Action No. _____ |
|             -against- | : **COMPLAINT** |
| Ford Motor Company, and South Shore Motors, Corp. d/b/a Sayville Ford, | : |
|                       Defendants. | : |

_____

For this Complaint, the Plaintiff, Peter M. Vella, by undersigned counsel, states as follows:

## JURISDICTION

1. The Plaintiff purchased a 'lemon' vehicle manufactured by Defendant Ford Motor Company. Plaintiff now seeks relief for breaches of New York Lemon Law and breaches of warranty under the Magnuson-Moss Federal Act, 15 U.S.C. § 2310, *et seq.* and other laws protecting New York consumers.

2. This Court has jurisdiction over this matter pursuant to the Magnuson-Moss Federal Act, 15 U.S.C. § 2310(d)(1)(B), in that the Plaintiff claims more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Peter M. Vella, is an individual residing in Ronkonkoma, New York.

5. Defendant South Shore Motors, Corp. d/b/a Sayville Ford (hereafter the "Dealership") is a business entity with a principal place of business at 5686 Sunrise Highway, Sayville, New York 11782. Defendant South Shore Motors, Corp. d/b/a Sayville Ford is an authorized dealership of Defendant Ford Motor Company and is engaged in the business of selling, leasing and servicing motor vehicles within the jurisdiction of this Court.

6. Defendant Ford Motor Company (hereafter the "Manufacturer," and together with the Dealership, the "Defendants") is a business entity with a principal place of business at One American Road, Dearborn, Michigan 48126. The Manufacturer is in the business of marketing, supplying, and selling motor vehicles accompanied by written warranties to the public at large through a system of authorized dealerships, including the Defendant Dealership.

## STATEMENT OF FACTS

7. On or about June 3, 2017, Plaintiff purchased a new 2017 Ford F-150 truck, Vehicle Identification Number (VIN) 1FTFW1EG0HFC41182 (hereafter, the "Vehicle") from the Dealership for private use.

8. The purchase price of the Vehicle was $74,001.92 including options, fees, taxes, and finance charges.

9. The legal fees in this matter are likely to equal or exceed $25,000.00.

10. At the time Plaintiff signed the contract to purchase the Vehicle, the Dealership made representations as to the Vehicle's performance and quality and informed the Plaintiff that it was accompanied by the Manufacturer's vehicle limited warranty and was free from defects of workmanship.

11. Thereafter, continuing malfunctions, defects and problems have plagued the Vehicle.

12. Since the time of purchase to the present, the Vehicle has been subject to at least three (3) repairs and out of service for at least fifty (50) days because of persistent water leaks into the interior of the Vehicle.

13. On September 20, 2017, the Dealership accepted the Vehicle for repair.

14. At the time the Vehicle's odometer read 2,472 miles.

15. The Plaintiff complained of a water leak from moon roof and that the Vehicle passenger side carpet was wet.

16. The Dealership verified the water leak complaint and attempted a repair by replacing the carpet and cab vents.

17. The Vehicle was ready to be picked up on November 8, 2017.

18. On November 30, 2017, the Dealership accepted the Vehicle for repair.

19. At the time the Vehicle's odometer read 2,700 miles.

20. The Plaintiff complained that in the course of prior repair the Vehicle got damaged and its bed liner was peeling upwards.

21. The Dealership verified the complaint and attempted a repair by replacing damaged parts and sealing the bed liner lip.

22. The Vehicle was ready to be picked up on December 11, 2017.

23. On January 9, 2018, the Dealership accepted the Vehicle for repair.

24. At the time the Vehicle's odometer read 3,480 miles.

25. The Plaintiff complained that water was entering the Vehicle from around the overhead console.

26. The Dealership verified the complaint and attempted a repair by clearing debris from drain lines.

27. The Vehicle was ready to be picked up on January 12, 2018.

28. The defects experienced by the Plaintiff substantially impair the use, value and safety of the Vehicle.

29. The Plaintiff provided the Defendants or one or more of their authorized or franchised dealers with reasonable opportunity to repair the problems with the Vehicle within the first two years or 18,000 miles of the Plaintiff's ownership.

30. The Defendants have neglected, failed, or otherwise been unable to repair the substantial impairments to the Vehicle within a reasonable amount of time.

## AS FOR THE FIRST CAUSE OF ACTION
### (New York Lemon Law - Gen. Bus. Law § 198-a)

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Plaintiff is a "consumer" as defined in N.Y. Gen Bus. Law § 198-a(a)(1). At all times relevant hereto the Vehicle was a "motor vehicle" for purposes of N.Y. Gen. Bus. Law § 198-a.

33. During the first two years or 18,000 miles of operation, the Vehicle has been out of service for at least 30 days due to substantial nonconformities as described above.

34. The defects in the Plaintiff's Vehicle substantially impair its use, value and safety to the Plaintiff.

35. The Manufacturer or their authorized Dealership has been unable to repair such defects after a reasonable number of attempts.

## AS FOR THE SECOND CAUSE OF ACTION
**(Magnuson-Moss Warranty Act - 15 U.S.C. § 2301 *et seq.*)**

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

38. The Defendants are "supplier[s]" and "warrantor[s]" as defined in 15 U.S.C. § 2301(4) & (5).

39. The Vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(1). 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

40. 15 U.S.C. § 2304(a)(1) requires the Defendants, as warrantors, to remedy any defect, malfunction or nonconformance of the Vehicle within a reasonable time and without charge to the Plaintiff.

41. Despite repeated demands and despite the fact that the Plaintiff has complied with all reasonable terms and conditions imposed on the Plaintiff by the Defendants, the Defendants have failed to remedy the defects within a reasonable time, thereby, breaching the written and implied warranties applicable to the subject the Vehicle.

42. As a result of the Defendants' breaches of written and implied warranties, and Defendants' failure to remedy the same within a reasonable time, the Plaintiff has suffered damages.

## AS FOR THE THIRD CAUSE OF ACTION
**(Breach of Express Warranties - N.Y. U.C.C. Law § 2-313)**

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. In connection with the purchase, the Manufacturer expressly warranted that, among other things:

    (a)    The Vehicle was fit for the ordinary purposes of safe, reliable and attractive transportation;

    (b)    The Vehicle was of good, sound and merchantable quality;

    (c)    The Vehicle was free from defective parts and workmanship;

    (d)    The Vehicle was so engineered and designed as to function without requiring unreasonable maintenance and repairs;

    (e)    In the event the Vehicle was not free from defective parts or workmanship as set forth above, the Defendants would repair or replace same without cost to the Plaintiff; and

    (f)    Any defects or non-conformities would be cured within a reasonable time.

45. The Manufacturer breached these express warranties in that the Vehicle is plagued by problems.

46. The Plaintiff has given the Manufacturer reasonable opportunities to cure said defects and make the subject Vehicle fit for its intended purpose, but the Manufacturer has been unable and/or refused to do so within a reasonable time.

47. As a result of said nonconformities, the Plaintiff cannot reasonably rely on the Vehicle for the ordinary purpose of safe, comfortable and efficient transportation.

48. As a result of breach of express warranties, the Plaintiff has been damaged.

**AS FOR THE FOURTH CAUSE OF ACTION**
**(Implied Warranty of Merchantability - N.Y. U.C.C. Law § 2-314)**

49. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The Defendants are merchants with respect to motor vehicles.

51. An implied warranty that the Vehicle was merchantable arose by operation of law as part of the purchase of the Vehicle.

52. The Defendants breached the implied warranty of merchantability where the Vehicle was not in merchantable condition when sold or at any time thereafter and unfit for the ordinary purposes for which such vehicles are used.

53. The Plaintiff notified the Defendants of the defect in the Vehicle within a reasonable time after the Plaintiff discovered the breach.

54. As a result of the Defendants' breaches of the implied warranty of merchantability, the Plaintiff has suffered damages, including but not limited to incidental and consequential damages.

55. As a result of said violation the Plaintiff has been damaged.

**AS FOR THE FIFTH CAUSE OF ACTION**
**(Revocation of Acceptance – N.Y. U.C.C. Law § 2-608)**

56. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. Plaintiff reasonably assumed, and Defendants represented, that all of the aforesaid defects would be cured within a reasonable time.

58. After numerous attempts by Defendants to cure, it has become apparent that said defects cannot be seasonably cured.

59. The defects substantially impair the use, safety and value of the Vehicle to the Plaintiff.

60. The Plaintiff has previously notified Defendants of said defects and of Plaintiff's intent to revoke acceptance and demand return of the purchase price of said Vehicle.

61. Defendants have nevertheless refused to accept return of the Vehicle and have refused to refund Plaintiff's purchase price.

62. As a result of said refusal the Plaintiff has been damaged.

## AS FOR THE SIXTH CAUSE OF ACTION
### (Unlawful and Deceptive Practice - N.Y. Gen. Law § 349)

63. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The sale of the Vehicle to the Plaintiff under the guise that it was free from defects that would substantially impair the use, safety, or value of the Vehicle represents an unlawful or deceptive trade practice under N.Y. Gen. Law § 349.

1. The Defendants violated N.Y. Gen. Law § 349 in one or more of the following ways:
   - (a) Making of fraudulent and/or negligent representations, as herein before alleged;
   - (b) Representing the subject vehicle to be of good, merchantable quality, free of defects, when in fact it was not;
   - (c) Representing that the repairs could be performed properly, within a reasonable time, when Defendants knew or, in the exercise of reasonable care, should have known that this was not the case;
   - (d) Failing to reveal material facts including but not limited to the nature of the nonconformities and defects complained of herein; and
   - (e) Failing to offer a refund of the purchase price of the subject vehicle in accordance with the applicable warranties.

65. The Defendants are in the business of selling private automobiles and therefore the violations are likely to affect the general public, now and in the future.

66. The Defendants violated the law willfully and knowingly.

### DEMAND FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendants as follows:

- (a) Money damages in whatever amount the Plaintiff is found to be entitled, plus interest, costs, incidental and consequential damages and reasonable attorneys' fees;

- (b) Equitable relief including, but not limited to, rescission or reformation of the subject contract or, alternatively, repair of the subject vehicle,

extension of the express and implied warranties, and service contracts which are or were applicable to the subject vehicle in the event that Plaintiff is not found to be entitled to rescission; and

(c) Attorneys' fees; and

(d) Such other and further relief as this Court deems just.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 23, 2018

                        Respectfully submitted,

By: /s/ Sergei Lemberg
Sergei Lemberg
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff